BERKS FOUNDRY & MANUFACTURING CO., PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6998.    Promulgated December 8, 1926.

1. Surplus of a corporation may not be reduced in determining the extent to which a dividend is paid from current earnings of a year by a "tentative tax" theoretically set aside out of such earnings pro rata over such year. *Appeal of L. S. Ayers & Co.,* 1 B. T. A. 1135.

2. In determining invested capital for the calendar year 1919 the Commissioner correctly reduced surplus on account of the tax for the year 1919 prorated, and he also correctly excluded from surplus at the beginning of the year the amount of $6,650.05 representing additional tax for the year 1917.

*John W. Jacobs, Esq.,* and *John W. Townsend, Esq.,* for the petitioner.
*W. F. Gibbs, Esq.,* for the respondent.

This proceeding is for the redetermination of a deficiency in income and profits tax of $772.23 for the calendar year 1920. The issues concern invested capital. The stipulation of facts is set forth verbatim.

FINDINGS OF FACT.

The Berks Foundry & Manufacturing Co. is a corporation organized under the laws of Pennsylvania, with principal office at Berks, Pa., and is engaged in the general foundry business.

In determining invested capital the Commissioner reduced surplus as at the beginning of the year by $3,277, on account of certain dividends paid on March 19, 1920, in excess of available current earnings. In computing the current earnings available the Commissioner first deducted a tentative tax. Had no tentative tax been deducted, the current earnings available for dividends would have so been increased that only a reduction of $1,591.83 in surplus as at the beginning of the year would have been occasioned by the payment of such dividends.

In determining invested capital, the Commissioner reduced surplus as at the beginning of the year in the amount of $61.30, on account of the prorated amount of 1919 Federal income tax.

In determining invested capital, the Commissioner reduced the surplus as at the beginning of the year by $6,650.05, on account of additional 1917 income and excess profits taxes determined and assessed by the Commissioner during the year 1923.

### OPINION.

LITTLETON: Petitioner claims that the Commissioner erred (1) in deducting a tentative tax in computing the current earnings available for the payment of dividends on March 19, 1920; (2) in reducing surplus at the beginning of the year 1920 in the amount of the tax upon the income for the preceding year prorated; (3) in reducing the earned surplus at January 1, 1920, in the amount of $6,650.05, representing an additional tax for the calendar year 1917 determined and assessed in the year 1923.

The first issue is governed by the Board's decision in the *Appeal of L. S. Ayers & Co.*, 1 B. T. A. 1135. On the authority of that appeal it is held that the amount by which surplus was reduced on account of the tentative tax should be restored to invested capital.

Petitioner's claims set forth in the second and third issues are not well taken and the Commissioner's action in this regard is approved. *Russel Wheel & Foundry Co.*, 3 B. T. A. 1168; *Hutchins Lumber & Storage Co.*, 4 B. T. A. 705; *Manville Jenckes Co.*, 4 B. T. A. 765; *Burke Electric Co.*, 5 B. T. A. 553; *Levine Bros. Co.*, 5 B. T. A. 689.

*Judgment will be entered upon 15 days' notice, under Rule 50.*